The next case today is Forty Six Hundred, LLC versus Cadence Education, LLC. Appeal number 201784. Attorney Lewis, please introduce yourself on the record. Thank you, Mr. Clerk. May it please the court, my name is Paul Lewis and I represent the defendant appellant, Cadence Education, LLC. With the court's permission, I would request one minute for rebuttal. Very well. Thank you, Your Honor. So here, Cadence is asking this court to reverse the district court's remand decision and as such to vacate the district court's remand order. Before jumping into the merits of the appeal currently before this court, I would like to briefly touch upon this court's query of June 16th from this year. Specifically, this court essentially inquired as to whether, in the event that this court shares Cadence's view of the applicable law, whether there exists a viable remedy. The answer, simply put, is yes, there absolutely does. The remedy is vacateur and this court has numerous times vacated erroneous remand orders or remand orders stemming from erroneous remand decisions, as have other Yes. Yes, Your Honor. I requested a stay from the district court that was denied immediately. That was denied without any further written opinion on the clerk's notes or otherwise. I requested an emergency stay from this court to stay the execution of the remand order. This court, there was no action from this court within approximately a two or three week period. By that point, it was already being litigated in the state court. I requested a stay from the state court. Initially, I received a two week stay. Subsequently, a different judge. Wait, wait, wait, wait. What do you mean? It was it was already being litigated in the state court. You didn't you didn't wait for us to give you a decision. I thought you withdrew your request for a stay. I withdrew my emergency request for this court to stay the execution of the district court's order because the district court's order had already been executed. But either way, Your Honor. So the effective excuse me, Mr. Lewis, the effective remedy, clearly wasn't it wasn't a query about whether we have the authority to vacate the remand. We understand we have that. It's the question is what is the mechanism if we thought the remand should be vacated? What's the mechanism for retrieving a case that has that has already been sent back to the district court? I understand there is no rule or statute that I'm aware of that seems to provide a mechanism for that. I agree that there is no mechanism for retrieval specifically. That's because the vacateur, as it was particularly described by the Fourth Circuit in the Brian case, has the effect and other circuits as well, has the effect of rendering that remand order as if it never occurred. As such, and this is discussed in my supplemental briefing, as such, all of the consolidation and anything that happened in the state court, these preliminary procedural proceedings are rendered void. And this has been opined on by the Fourth Circuit, as well as a couple of district courts, as well as the Fifth First of all, I don't think that's a question before us. I don't think we have to get to whether proceedings that have taken place in the state court may have some kind of effect. My question is, the case is physically in the state court. How do we get it back? You've already admitted there is no mechanism for retrieval. So how do we get it back? It doesn't need to be gotten back. Well, it does need to be gotten back. The case at this point, the papers in the case, the entire case has been shipped out and it does need to be gotten back. Well, the answer may be that principles of comedy control and that we assume that if we vacate the remand order, the state court, which we assume jurisdiction after the remand, will relinquish jurisdiction and send the case back. But the case can't be pending in both the state and federal court at the same time. It's presently in the state court. And if your position on the merits is right, we've got to get it back to the federal court. I appreciate it. There are mechanisms of doing that, but it's cadences, as you described, which I'll discuss in a second, but it's cadences primary position that once that remand order is vacated, it's literally as if it never occurred. So the fact that there are other papers, et cetera, sitting in the state court is, is of no matter. It starts a new or rather from where it was within the federal court. Now, with that being said, the federal court, our minutes remaining under principles of comedy, as your honor describes, certainly has the ability to, uh, enjoin the state court's proceedings. There is an exception to the anti-injunction act that's, uh, discussed in Brian and certainly, uh, the litigants could move to dismiss it without prejudice to refiling. If the removal, um, time period has not yet lapsed, presumably it could be re removed, but again, it's cadences primary position that none of that is necessary. Ultimately, the most significant thing is that in Quackenbush, the Supreme court did not any conditions for the, uh, an aggrieved, an appellate agreed by an abstention based remand order to be able to appeal it. And indeed all of the applicable law says that the only thing cadence had to do was to avoid an adverse judgment on the merits, because that is the rare situation where full faith and credit would have to be afforded to that state court judgment by the federal court. Cadence was on absolutely no notice because there's no proposition. There's no authority for the idea that cadence was somehow required to stay the case. And indeed every case to either opine directly or indirectly has implicitly or explicitly rejected that proposition. 4,600 had two weeks to find any case that would stand for that proposition. And it cited only one, the in Ray law Providencia case. And in that case, in the final paragraph, and particularly the final line, this circuit did review the case. This circuit did grant the writ of mandamus. And again, this is a much simpler situation because the Supreme court already said unconditionally, the cadence has a right to do this. So the question of procedural, exactly how this would occur, I'd submit that that's for the district court to figure out. But this court, if it in fact reviews the case on the merits, which it should, and agrees with cadence on the merits, which it should, certainly can vacate that remand order. And what happens afterwards is up to the federal court. Cadence certainly should not be precluded from exercising a right that's been afforded to it by the United States Supreme court, simply because the inevitable effect of a remand occurred. Indeed, that would render the right move. It occurred and you've been actively litigating in state court. You've been consolidating cases. It's at the superior court level. That's correct. That's correct. Although we haven't moved forward past that, but cadence had to defend itself. We have not started discovery. There's been no discovery served in the federal court and the sorry, no discovery served in the state superior court judge has had their eye on what's happening with this case. And there are quotes and a transcript that I appended to the supplemental briefing. And in fact, up until a moment ago where it was changed, the state court had set a rule 16 conference for tomorrow, having received notice of this oral argument. So discovery is not preceded, but once again, I'd submit that none of that matters because there's no authority for the proposition that the posture of the case below or whether cadence successfully received a stay from the federal court or received a stay for the entirety of the case from the state court is a condition upon cadence's ability to litigate this court on the merits, sorry, litigate this appeal on the merits. Yes, pardon me for interrupting. Suppose we could turn back the clock to the original effort. When the case was removed to federal court in the first instance, and then I take it your client asked to remand it to state court. Yes. If we freeze it at that point, what's wrong with the federal court saying these kinds of processes, processes given consideration to state law, consideration to pandemic considerations, et cetera, saying this case should deny the motion simply saying this case should proceed in state court. What would have been wrong with that? So your honor on the merits, Buford as a concept, this circuit is already stated in Sweeney has nothing to do with the expedited procedures in state court. It is not an administrative or regulatory scheme in any way, shape or form. There's nothing complex or unsettled about it. And finally, there's absolutely no risk of interference there because there's no request by the litigant to review the determination of an administrative commissioner. Every single one of this circuit's precedents supports cadence's position here. By contrast, position does not derive any substantive support from any of this circuit's precedents. So for those reasons, I would ask that this court overturn the remand decision and vacate the remand order. Do my colleagues have any additional questions? No. Thank you, counsel. Attorney Lewis, if you could please mute your audio and video at this time and attorney Radigan, please reintroduce yourself on the record to begin. Good afternoon, your honors. Douglas Radigan for plaintiff appellee 4600 LLC. Your honor, I'll begin with the first question that was pointed by this court in our supplemental briefing. And Judge Thompson, you are indeed correct that this is a case that's been actively litigated in the underlying court. What my brother overlooks is the fact that he voluntarily withdrew the stay before this court and in doing so had indicated that he in fact would come back if circumstances would warrant it. Instead of doing that, your honors, what my brother... I'm sorry, he said, point of clarification, please. He said he withdrew it because the file had already been transferred back to state court. There was nothing left to stay. That's correct, your honors. There was nothing left to stay, but he also abandoned his efforts to stay the matter in state court, which is part of the record before your honors. And that's an important issue here, your honor, because what my brother tries to argue with respect to what this court should be determining is it wants to look at not what the lower court looked at in August of 2020. It wants to look at the conduct of the litigants since then to justify that the decision was incorrect. What my brother did instead was he filed an affirmative action and sought to consolidate that action with the case that's the subject of this appeal. And he's also filed multiple dispositive motions, which have already been resolved in the superior court. So there are concerns. But counsel, once the case has been sent back to state court, what choice does your brother have except to litigate it in state court? He's got to protect his client. It's not his fault that the case got sent back. He asked the district court to stay the remand. The district court, without comment, refused that saying he came promptly to the court of appeals. Despite that, the district court sent the case back anyway. So he's got a case now pending in state court. Doesn't he have to doesn't he have to litigate on those terms until he can get what he perceives to be the error corrected? Your honor, I think there's a distinction here in that my brother had filed affirmative litigation, which could have gone on without consolidating the matters. And in doing so, he had brought to both the district court in Massachusetts, as well as the superior court, motions to stay that he both abandoned in that court. So you're right, your honor. My brother should preserve his rights. But what he did here went above and beyond that. What he did was he brought affirmative matters that weren't before the court, and he chose to stay those actions. What he could have done was he could have sought a stay of this matter, either on the fact that it was pending appeal, or he could have sought a stay that there was affirmative litigation pending that he affirmatively brought in the state court, but he chose not to do either of those things. Instead, he pushed on. Notwithstanding that, your honor, I do want to also address the merits of why we're here, because we've spent a lot of time talking about the process. And I think with respect, your honor, if we look at the decision in Briggs out of the Eighth Circuit, it's very clear. Excuse me. Why should we look at Briggs? Briggs is an unpublished decision. That means that under the Eighth Circuit's rules, it has no precedential force within the Eighth Circuit, the originating court. So, if the Eighth Circuit won't give it precedential force, why should we? Your honor, the analysis in Briggs is identical to the analysis here, and it's also, your honor, identical to... If the analysis is persuasive, that's different, but the case as a precedent is worthless. The analysis may or may not be right. So, the analysis depends on how one reads the Supreme Court's decision in Quackenbush. And how, under Quackenbush, does this case qualify for Griffith abstention? Thank you, your honor. Yes, under Quackenbush, abstention should be the exception, but Quackenbush also makes it very clear that there's not a formulaic test with respect to the criteria that the court should be applying. Instead, they look to the principles of federalism and comedy, which in this instance, your honor, as the lower court had cited in their decision, they made it very clear that with respect to what the judge was concerned with here, is he made this discretionary decision in light of COVID-19 that the state's policy for just, speedy, and inexpensive adjudication of an eviction action, which in no way implicated federal law, would be best carried out in the states. Doesn't Quackenbush make relatively clear that any case of money damages, as opposed to claims for equitable relief, that once a case is enlarged to include claims for money damages, that that is a disqualifier for Griffith-type extensions? Your honor, with respect to Quackenbush, it of course does have that finding, but what's dealing with this circumstance, your honor, is the action that was before the court at the time that this case was decided was a summary process action. Involved a claim for substantial money damages, didn't it? It did, your honor, ask for money damages, and we do concede that those amounts in controversy would have put diversity jurisdiction as being satisfied, but your honor, that still doesn't address the case law in the first circuit that finds abstention to be a doctrine that other courts should find as appropriate in matters involving possession. Isn't the closest first circuit precedent FDIC and Sweeney? Your honor, yes, they are not the closest, and the reason that they're distinguishable, your honor, is FDIC is a case in which the property owner chose not to avail themselves of the unique complex and fast-moving process that summary process would have allowed. FDIC versus Sweeney is actually an appeal by the tenant who argues after possession had already been resolved that the federal court where the possessor of the property went to regain possession should... I understand that, but the court spoke, albeit indictive, and went really, really in terms that seemed to me to be applicable to this case. I mean, you haven't got any authority from our circuit post-Quackenburch that in any way contradicts the Sweeney dicta. Well, your honor, as you put it, it is dicta, and just like you don't find persuasive the there are other first circuit cases that do acknowledge that abstention is something that should be, in fact, not only considered, but appropriate in matters involving summary process. Your honor, we have the federal home loan mortgage versus Latano, and in that case, your honor, although it wasn't decided on abstention grounds, the decision clearly states it is worth noting that the summary process litigation is traditionally a state court matter and that state courts undeniably have far more experience than federal courts with the procedural and substantive niceties of eviction practice, and for that reason there was a very strong reason that abstention would have been appropriate. Yes, the court did find it on other grounds, but there, your honor, is the analysis, and that is post-Quackenburch. FDC was a party in Sweeney, wasn't it? It was, your honor, and they purposefully availed themselves of the federal court instead of bringing the action in the state court where they would have been able to have a more expedited process to regain possession of the property, so the reason it's different here, your honor, is the concerns with respect to venue shopping and delays that are being sought here. Here, this statute is clearly drafted in the state's interest of the commonwealth in a way in which the policy interest is to get back possession of property because property is FDIC Sweeney. What transpired in that action, your honor, is the party seeking possession decided to go to the federal court and did not instead go to the state court where they could have submitted themselves to this jurisdiction. I think, yes, your honors, it is a case out of the Southern District of New York, but again, the dicta in Wells is very instructive. There, courts recognized that New York state courts are filled with thousands of summary eviction proceedings, and in most of them, the tenants seek to delay the process as long as possible, and if they accepted removal of those types of cases to federal court, they would be not only overburdening the federal system, but they would be completely emasculating the state structure for dealing with such disputes, which is squarely what Judge Hillman said, and the important thing with respect to this case, your honors, is not just did Judge Hillman go there, but he also made a distinction with respect to what was actually occurring in August of 2020, and so this is not, in fact, a case that, if your honors go so far as breaks, stands for the proposition that summary process, it's appropriate to abstain on its face. What we have to apply here is what the underlying court did. Thank you, Counselor. Thank you, your honors. At this time, Mr. Radigan, please mute your audio and video, and Mr. Lewis, you have one minute of rebuttal. Please reintroduce yourself on the record to begin. Thank you, Paul Lewis, for the defendant to Pelham Kidd's education once again. First, I want to point out that in addition to Briggs having very, very little authority over what this court might do, the analysis was not identical because Briggs, the Eighth Circuit, reviewed it on an abusive discretion standard. By contrast here, this court's judgment based on this court's own precedence, as well as that of the Supreme Court or Paramount, because this court is reviewing it on a de novo review standard, so my brother, Mr. Radigan's statement that it was in the context of looking at the, as it said, the abbreviated procedures falling in Massachusetts because of the posture of the case or who the respective parties were or the basis of federal subject matter jurisdiction. It rejected it because not one of the prerequisites are met here. There is no state administrative apparatus. Never before has this circuit approved abstention when there hasn't been an administrative or regulatory scheme as a baseline. Furthermore, there's no concern about disruption because every single one of this circuit's cases that talked about when there is disruption versus when there isn't said there's only disruption if the request is to the federal court to review the factual conclusions of law from an administrative body. That is not present. Thank you, Counselor. Thank you. Thank you, Your Honors. That concludes argument in this case. Attorney Lewis and Attorney Radigan, you should disconnect from the hearing at this time.